10

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

F I L E D

OCT 24 2025

CLERK'S OFFICE
DETROIT

CONRAD ROCKENHAUS, Defendant. Reg. No. 39400-480 FCI Milan P.O. BOX 1000 MILAN, MI 48160

Case No. 2:23-cr-20701 Hon. Stephen J. Murphy, III

## MOTION TO APPOINT COUNSEL FOR APPEAL

Defendant/Appellant, Conrad Rockenhaus, by and through his designated representative and next friend, Adrienne Rockenhaus, respectfully moves this Court, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, Federal Rule of Appellate Procedure 24(a)(3), Sixth Circuit Rule 12(c), and the Sixth Circuit Criminal Justice Act Plan, for an order appointing counsel to represent him in his appeal of the Judgment of Revocation entered in this matter on October 20, 2025 (ECF No. 27). Appellant also requests confirmation of his leave to proceed *in forma pauperis* on appeal.

This motion is based on the statutory mandate for appointment of counsel for financially eligible individuals appealing supervised release revocations, the prior judicial finding of Appellant's indigence, controlling constitutional principles, the rules and practices of the U.S. Court of Appeals for the Sixth Circuit, and the compelling interests of justice, particularly given the documented institutional obstruction hindering Appellant's ability to proceed *pro se*. A memorandum of law and summary of authorities are included herein.

## MEMORANDUM OF LAW IN SUPPORT OF THE APPOINTMENT OF COUNSEL FOR AN INDIGENT APPELLANT

### I. The Unambiguous Statutory Right to Counsel on Appeal Under the Criminal Justice Act

29

The appointment of counsel for Appellant Conrad Rockenhaus is not a matter of judicial discretion but a direct and unambiguous mandate under federal law. The plain language of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, establishes a non-discretionary right to representation for financially eligible individuals appealing a revocation of supervised release. This statutory right is further solidified by the Federal Rules of Criminal Procedure and is operationalized through the U.S. Court of Appeals for the Sixth Circuit's own rules and CJA plan, which collectively create a system designed for the automatic and continuous representation of indigent appellants in this exact posture.

## A. The Plain Language of 18 U.S.C. § 3006A Mandates Appointment

The architecture of the Criminal Justice Act creates a clear distinction between proceedings where the appointment of counsel is mandatory and those where it is discretionary. The statute's structure forecloses any argument that the appointment of counsel in this matter is subject to a discretionary, merits-based analysis.

Title 18 U.S.C. § 3006A(a)(1) employs the dispositive phrase, "Representation **shall be provided**" for any financially eligible person involved in a series of enumerated proceedings. This list explicitly includes an individual who "is charged with a violation of supervised release or faces modification... or **revocation of a term of supervised release**". 18 U.S.C. § 3006A(a)(1)(E) (emphasis added). Mr. Rockenhaus, who is appealing the judgment revoking his supervised release, falls squarely within this mandatory category.

This mandatory language is deliberately contrasted with the permissive language of § 3006A(a)(2), which states that "representation *may* be provided" for other matters, such as most habeas corpus petitions under 28 U.S.C. §§ 2241, 2254, or 2255, but only "[w]henever the United States magistrate judge or the court determines that the interests of justice so require". By placing supervised release revocations in the mandatory section (§ 3006A(a)(1)), Congress made a clear legislative choice to remove the "interests of justice" inquiry from the threshold determination of entitlement to counsel in these specific proceedings. The court's only task under § 3006A(a)(1) and §

30

3006A(b) is to determine financial eligibility and, upon such a finding and absent waiver, appoint counsel.

Furthermore, the CJA explicitly extends this mandatory right through the appellate process. Section 3006A(c) states that "[a] person for whom counsel is appointed **shall be represented at every stage** of the proceedings from his initial appearance... **through appeal**, including ancillary matters appropriate to the proceedings" (emphasis added). This provision creates a seamless, unbroken entitlement to representation that begins at the initial appearance for the revocation and continues until the final disposition of any direct appeal.

## B. Corroboration by Federal Rules of Criminal Procedure and Sixth Circuit Rules

This statutory mandate is independently reinforced by the Federal Rules of Criminal Procedure. Rule 44(a) provides a clear and broad entitlement: "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant **at every stage of the proceeding from initial appearance through appeal**, unless the defendant waives this right" (emphasis added). Rule 32.1, which specifically governs supervised release revocation proceedings, repeatedly affirms the right to counsel at the hearing stage, requiring the judge to advise the person of their "right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel". Fed. R. Crim. P. 32.1(b)(2)(D). Read together, Rule 32.1 establishes the right at the district court level, and Rule 44(a) extends that same right through the conclusion of the appeal, creating an unbreakable chain of entitlement.

The Sixth Circuit's own local rules and CJA Plan implement this federal mandate through a procedural default that underscores its non-discretionary nature. Sixth Circuit Rule 12(c) states, "Trial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court." Critically, it further provides: "**If the district court appointed trial counsel, this court will appoint trial counsel as appellate counsel** when the notice of appeal is filed. **Appellant need not provide further proof of indigence**." 6th Cir. R. 12(c) (emphases added). This rule creates an automatic appointment process, demonstrating the Circuit's interpretation of the right as

31

continuous. The Sixth Circuit's CJA Plan further provides that "[c]ounsel appointed by the district court must continue to represent the client until relieved by the United States Court of Appeals for the Sixth Circuit." U.S. Ct. App. 6th Cir., Criminal Justice Act Plan § I (July 13, 2023). This system is designed to prevent any gap in representation.

## II. The Conclusive Presumption of Financial Eligibility on Appeal

The question of Mr. Rockenhaus's financial eligibility for appointed counsel is not a matter for fresh adjudication. The district court has already made a dispositive finding of his indigence, and under the rules of this Circuit, that finding carries forward to the appeal. This prior judicial determination is sufficient to satisfy the financial eligibility prerequisite for mandatory appointment under the CJA.

## A. The Continuing Effect of the District Court's Indigence Finding

The Sixth Circuit's CJA Plan is controlling on this issue. It states that, "**absent a change in financial conditions, any determination that a person is eligible** for representation by appointed counsel made in the district court **shall continue on appeal**." U.S. Ct. App. 6th Cir., CJA Plan § I (emphasis added). This principle is echoed in Sixth Circuit Rule 12(c), which provides that where counsel was appointed below (or eligibility was determined), the "Appellant need not provide further proof of indigence" on appeal. 6th Cir. R. 12(c).

In the instant case, the district court made a formal judicial finding of Mr. Rockenhaus's financial inability to pay. In its Judgment of Revocation dated October 20, 2025 (ECF No. 27, PageID.88), the court explicitly **waived the costs of incarceration** after finding that he **"lacks financial resources."** This finding is the "determination that a person is eligible" contemplated by the Circuit's CJA Plan. As there is no evidence of a change in his financial condition—indeed, his incarceration ensures his continued indigence—this finding must be given continuing effect on appeal.

## B. The Standard for Proceeding *In Forma Pauperis* (IFP) Under 28 U.S.C. § 1915

Concurrently with this motion, Appellant is filing a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Rule 24(a)(3) states: "A party permitted to proceed *in forma pauperis* in the district-court action, or **who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal** *in forma pauperis* **without further authorization**, unless..." the court certifies bad faith or changed circumstances (emphasis added). Fed. R. App. P. 24(a)(3). The district court's finding that Mr. Rockenhaus lacks financial resources directly triggers this rule, automatically authorizing his IFP status on appeal absent a contrary certification.

While the CJA governs the right to counsel, § 1915 governs the waiver of filing fees. The two statutes, though legally distinct, are animated by the same constitutional principle: that the quality of justice cannot depend on ability to pay. *See Gideon v. Wainwright*, 372 U.S. 335 (1963). The judicial finding that Appellant meets the IFP standard *a fortiori* establishes his financial eligibility under the CJA. The court's decision on the IFP motion functionally predetermines the financial eligibility component, leaving only the question of whether the proceeding is covered by the Act—which, as established, it is.

## III. The "Interests of Justice" as a Compelling, Alternative Ground for Appointment

Assuming, *arguendo*, that the Court were to find the appointment of counsel in this matter to be discretionary (contrary to the plain language of § 3006A(a)(1)(E) and (c)), the specific facts of this case present an overwhelming argument for appointment under the "interests of justice" standard. This standard, typically applied in habeas cases under § 3006A(a)(2)(B) or civil cases under 28 U.S.C. § 1915(e)(1), requires the court to weigh factors including the complexity of the issues, the potential merits, and the litigant's ability to represent himself. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment in civil cases justified by "exceptional circumstances," considering complexity and litigant's abilities). Here, Mr. Rockenhaus's ability to litigate *pro se* is actively and dangerously compromised.

33

**A. Complexity of the Appeal.** The appeal raises mixed questions of constitutional due process, procedural regularity in the revocation process, and the critical interplay between institutional obstruction and access to the courts—issues well beyond the capacity of a lay inmate proceeding *pro se.*

**B. The Appellant's Severely Compromised Ability to Litigate Pro Se Due to Documented Obstruction and Conditions of Confinement.** The argument for appointment is grounded in concrete reality: 1. **Documented Institutional Obstruction:** As detailed in the sworn statement of Notary Juanita C. Burton, filed concurrently herewith, officials at FCI Milan actively obstructed Mr. Rockenhaus's access to the courts on October 22, 2025, by denying entry to a licensed notary required for his time-sensitive appeal documents. This is not a mere inconvenience; it is a fundamental barrier implicating his constitutional right of meaningful access. Prison officials are constitutionally required to provide inmates with "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). 2. **"Actual Injury" Under *Lewis v. Casey*:** The denial of notary access is precisely the type of concrete, non-speculative **"actual injury"** that *Lewis v. Casey*, 518 U.S. 343 (1996), requires an inmate to show. It is an affirmative act of obstruction by prison staff directly preventing the filing of necessary legal documents, causing clear injury to his ability to pursue his appeal. Because the prison administration is the source of the injury, appointed counsel immune to this internal obstruction is the only effective remedy. 3. **Hostile and Coercive Environment:** The serious allegations detailed in Mr. Rockenhaus's pending habeas corpus petition (E.D. Mich. Case No. 2:25-cv-12913) and its ten supplemental declarations are critically relevant to his ability to safely litigate this appeal *pro se.* These allegations—including witness tampering, deliberate indifference to serious medical needs, retaliatory actions, and staff misconduct—establish the perilous context of his confinement. This context creates a *de facto* conflict of interest for the institution, chilling Appellant's ability to advocate effectively and safely. Appointed counsel provides a necessary buffer. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (discussing "interests of justice" in appointing counsel).

34

These factors constitute the "exceptional circumstances" under *Lavado* that compel appointment even under a discretionary analysis.

## IV. Conclusion: Appointment of Counsel is Both Statutorily Required and Constitutionally Necessary

For the foregoing reasons, the appointment of counsel is required. The Court's analysis should begin and end with the plain language of the Criminal Justice Act. Title 18 U.S.C. § 3006A(a)(1)(E) and (c), reinforced by Federal Rule of Criminal Procedure 44(a) and this Circuit's own Rule 12(c), create a mandatory, non-discretionary right to counsel for a financially eligible person appealing a revocation of supervised release. The district court's prior finding of indigence is controlling under FRAP 24(a)(3) and the Sixth Circuit CJA Plan.

However, should the Court proceed to a discretionary analysis, the confluence of legal complexity, the inherent difficulties of *pro se* litigation from prison, documented institutional obstruction causing "actual injury," and the coercive environment demonstrated by the pending habeas litigation makes the appointment of counsel a constitutional necessity under the "interests of justice." *See Douglas v. California*, 372 U.S. 353 (1963); *Evitts v. Lucey*, 469 U.S. 387 (1985). To deny counsel under these circumstances would deny Mr. Rockenhaus meaningful access to the courts and a fair hearing on appeal.

**WHEREFORE**, Appellant Conrad Rockenhaus, by his next friend, respectfully requests that this Court appoint counsel pursuant to 18 U.S.C. § 3006A to represent him on this appeal and confirm his leave to proceed *in forma pauperis*.

Respectfully submitted,

Dated: October 23, 2025

*Ɑ Rockenh*

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus

35

## SUMMARY OF AUTHORITIES

### Statutes and Rules

- 18 U.S.C. § 3006A(a)(1)(E), (b), (c) – Provides for mandatory appointment of counsel for financially eligible persons charged with violation of supervised release, requiring representation "at every stage of the proceedings ... through appeal."
- 18 U.S.C. § 3006A(a)(2)(B) – Authorizes appointment "whenever the interests of justice so require," including discretionary appointment in collateral or ancillary matters.
- 28 U.S.C. § 1915(a)(1), (a)(3), (e)(1) – Governs *in forma pauperis* proceedings, continuation on appeal, and discretionary appointment of counsel.
- Fed. R. Crim. P. 32.1(b)(2)(D) – Grants defendants the right to retained or appointed counsel during supervised-release revocation proceedings.
- Fed. R. Crim. P. 44(a) – Grants defendants unable to obtain counsel the right to appointed counsel at every stage from initial appearance through appeal.
- Fed. R. App. P. 24(a)(3) – Provides that prior indigency determinations automatically extend to appeal unless revoked by certification of bad faith.
- 6th Cir. R. 12(c) – States that trial counsel in criminal cases must continue representation on appeal unless relieved, and that the court will appoint trial counsel as appellate counsel without requiring new proof of indigence.
- U.S. Court of Appeals for the Sixth Circuit, Criminal Justice Act Plan § I (July 13, 2023) – Confirms that any determination of CJA eligibility in the district court "shall continue on appeal" absent a change in financial conditions.

### Supreme Court Decisions

- *Douglas v. California*, 372 U.S. 353 (1963) – Establishes that denying counsel to indigent appellants on their first appeal as of right violates Equal Protection and Due Process.

36

- *Anders v. California*, 386 U.S. 738 (1967) – Defines procedure for counsel's withdrawal in frivolous appeals, presupposing the right to appointed appellate counsel.
- *Evitts v. Lucey*, 469 U.S. 387 (1985) – Holds that the right to counsel on appeal includes the right to effective assistance of counsel.
- *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) – Recognizes due process may require appointed counsel in probation/parole revocations (strengthened by Rule 32.1 for federal cases).
- *Bounds v. Smith*, 430 U.S. 817 (1977) – Requires prisons to provide inmates with "adequate, effective, and meaningful" access to the courts.
- *Lewis v. Casey*, 518 U.S. 343 (1996) – Clarifies *Bounds*; inmate must show "actual injury" from denial of legal access.
- *Gideon v. Wainwright*, 372 U.S. 335 (1963) – Foundational right to counsel in criminal cases.

**Sixth Circuit and Other Federal Authorities**

- *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) – Explains "exceptional circumstances" test for discretionary appointment (complexity, merits, litigant's ability).
- *Franklin v. Rose*, 765 F.2d 82 (6th Cir. 1985) – Affirms court's discretion under "interests of justice."
- *United States v. Lewis*, No. 06-6011, 2007 WL 2317118 (6th Cir. Aug. 13, 2007) (unpublished) – Illustrates appeals from supervised-release revocations are within Sixth Circuit jurisdiction.
- Guide to Judiciary Policy, Vol. 7A, Ch. 2 (Admin. Office of U.S. Courts) – Implements CJA; directs mandatory appointment unless waived; doubts resolved in favor of eligibility.

37

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 23, 2025, I served a true and correct copy of the foregoing document: Motion to Appoint Counsel for Appeal, by placing it in the U.S. Mail, postage prepaid, addressed to the following:

Office of the United States Attorney Eastern District of Michigan Attn: Corinne M. Lambert, AUSA 211 W. Fort Street, Suite 2001 Detroit, MI 48226

Dated: October 23, 2025

*A. Rockenh*

Adrienne Rockenhaus

Next Friend and Designated Representative for Conrad Rockenhaus