UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                    Case No. 23-20701
                                       Hon. Stephen J. Murphy, III

CONRAD ROCKENHAUS,

                    Defendant.
_____/

**STATUS CONFERENCE**

BEFORE THE HONORABLE STEPHEN J. MURPHY, III
United States District Chief Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan  48226
Friday, October 17, 2025

APPEARANCES:

For the Plaintiff              CORINNE M. LAMBERT
United States of America:      JOHN K. NEAL
                               U.S. Attorney's Office
                               211 West Fort Street
                               Suite 2001
                               Detroit, Michigan 48226
                               313-226-9129

For the Defendant             SANFORD PLOTKIN
Conrad Rockenhaus:            Sanford Plotkin, P.C.
                               30445 Northwestern Hwy.
                               Suite 225
                               Farmington Hills, Michigan 48334
                               248-798-5756

To obtain a certified copy of this transcript, contact:
Linda M. Cavanagh, CSR-0131, CRR, RMR, RDR, CRC
Official Court Reporter
(313) 234-2616 • www.transcriptorders.com

<u>TABLE OF CONTENTS</u>

<u>Page</u>

STATUS CONFERENCE

Comments by the Court                                                 3

<u>EXHIBITS</u>

| <u>Identification</u> | <u>Offered</u> | <u>Received</u> |
| --- | --- | --- |
| NONE | | |

Detroit, Michigan

Tuesday, October 7, 2025

\_   \_   \_

(Proceedings commenced at 10:42 a.m., all parties present)

THE CLERK:  All rise.  United States District Court for the Eastern District of Michigan is now in session, the Honorable Stephen J. Murphy, III presiding.

Court calls criminal matter 23-20701, United States of America versus Conrad Rockenhaus.  Date and time is set for sentencing on the supervised release violations.

Counsel, please state your appearances for the record beginning with the government

MS. LAMBERT:  Good morning, Your Honor.  Corinne Lambert and John Neal who is standing to my right on behalf of the United States of America.

THE COURT:  Morning.

MR. PLOTKIN:  Sanford Plotkin appearing with Mr. Rockenhaus, Your Honor.

THE COURT:  Okay.  Welcome.  Everybody may be seated.

MR. PLOTKIN:  Thank you.

THE COURT:  Okay.  So I want to go through the chronology here.  August 16 of '22 Mr. Rockenhaus pleaded guilty to charges involving intentional damage to a protected computer and he suffered a 40-month sentence in the Eastern

District of Texas.  He also was sentenced to a term of supervised release for three years.

He was released from federal prison after completing his sentence and he ended up in the Eastern District of Michigan, and I assume, although I didn't double-check this, that I must have accepted jurisdiction over his supervision here in this district.  That had to have happened sometime before May 13 of '25.  On that date I received a -- I'm sorry, prior to May 13 of '25 I received a petition on the docket April 29 of '25 from Mr. Konal, our probation officer, and there were a number of serious violations listed, including the use of marijuana, making restitution for the computer crime violation in Texas, reporting to Probation as instructed. That -- that one was important because Mr. Konal found that the defendant was not responsive to a number of phone calls, and neither family members nor Mr. Rockenhaus nor home visits nor instructions after a home visit to contact the probation officer occurred between January 23 and February 14 of 2025.

In addition to that, Mr. Rockenhaus was directed to report to the Probation Office on February 14, 2025 at 10:00 a.m.  No reporting was made.  Followup on February 19th, no answer.  Email February 19th, no response.  Instructions to report to Detroit on February 20, 9:30 a.m., failed to report.

So January 23, '25 through February 20, '25, at least six efforts to contact and get ahold of Mr. Rockenhaus, several

in person, didn't come to fruition.  And finally on February 20, '25, it appears that the wife of Mr. Rockenhaus advised that he was in the VA Hospital.  She was advised to keep the Probation Department updated, list treating physician, hospital information, send paperwork, notification of discharge so that Probation knew where their supervisee was.  She didn't do any of that.  And after -- after repeated contact subsequent to that promise, she still didn't give any information about Mr. Rockenhaus's whereabouts.

It looks like March 14, '25 a review of cellular phone use through the third-party monitor revealed text messages and phone calls made with the VA Hospital.  Nevertheless, Mr. Rockenhaus wasn't there.  And March 19th final effort to reach Mr. Rockenhaus's wife led to no success.

No obituaries so he was not passed away.

Cell phone continued to be used through April 8th of '25.  And as of the report date, April 8, 2025, Mr. Rockenhaus was nowhere to be found, no contact, and the Probation Office issued a petition on that violation, which was a number of violations, but Mr. Rockenhaus pled guilty to that on May 13th.

All right.  No credit charges, no additional lines of credit.  Notwithstanding that, there were seven new lines of credit.

And finally, no purchasing, contact, new devices or other computer access in light of the previous conviction.  It

looks like during that time there was a home visit that revealed use of an unauthorized Apple iPhone cellular device for personal use, not reported to the Probation Department.

So we have a long record from November of '24 through April 8 of '25 of noncompliance with Probation Office instructions — not being present, not being available, not letting Probation know where the defendant is — and -- and then an appearance here in federal court on May 13th, at which time he pled guilty to all the violations, so everything I just said was accepted and as responsible by Mr. -- Mr. Rockenhaus.  He was represented at that hearing by Mark Lakin, and notwithstanding what I would call at this point a very troubling series of violations, I released Mr. Rockenhaus into the community and set sentencing for September 30.

From May 13th until August 20 things did not improve. I got another write-up from -- and this is on the docket.  This is a petition for actions on conditions of supervised release from Mr. Konal.  After May 13th Mr. Rockenhaus tested positive for marijuana, which he was not -- which is obviously prohibited by supervised release regulations.  He has another -- another device, Apple iPhone 15 Pro Max and an Apple Watch Ultra 2.  Both were being used without approval.  There's an effort to tamper with or circumvent monitoring.  The iPhone 15 had been remotely cleared of all data and information. Given that Mr. Rockenhaus knew Probation was coming to

administer a urine screen, he cleared all of the -- cleared all of the electronic data.  These are allegations.  He hasn't pled guilty to any of this but these are petitioned -- petitioned conduct.

It appears at that time Mr. Rockenhaus denied clearing the information on the iPhone, but Ms. -- Mr. Rockenhaus's wife stated that she did remotely erase all the data in a conversation that she had with -- with our probation officer.  So whether Mr. Rockenhaus did or his wife did, the information was cleared.

And then again numerous attempts to contact Mr. Rockenhaus from August 6 of '25 to August 13 of '25, unable to be contacted.  Probation officer, you know, tried to get new contact information, new phone numbers to no avail.  So we have again failure to comply with the terms of -- of supervised release and a new petition on August 20th.

Subsequent to that, Mr. Rockenhaus contacted the Court on his own.  What troubled me about this was that, first of all, Mr. Lakin was representing Mr. Rockenhaus. Notwithstanding the fact that he had made himself unavailable to Probation, he filed two pro se documents with the Court to appoint new counsel even though he was already represented by Mr. Lakin.

So I -- I -- I seem to have heard or read or some -- or my law clerk told me that somewhere -- that Mr. Lakin -- or

Mr. -- Mr. Rockenhaus was upset because Mr. Lakin wasn't providing good -- good service, and that's all well and good, but when we're looking at a -- a cold docket in black and white with a defendant represented by a lawyer who appeared in court and pled guilty and the lawyer hasn't moved to withdraw and the defendant is not communicating for a very long period of time with Probation, you know, it's hard for us to get involved in the middle of that and say, oh, you know, Mr. Lakin's doing this and Mr. Rockenhaus is doing that.  And the rules of the court are quite clear: if you're represented by a lawyer, you can't take to self-help and file pro se documents on the -- on the docket, so I struck them.

Now, as is very common, I issued an arrest warrant since Probation couldn't get ahold of the defendant and he was presumptively guilty of the serious violations I went through with you that he pled guilty to on May 13th, and it looks to me like September 4 Mr. -- Mr. Rockenhaus is arrested on the bond violation hearing.  I revoked bond.

Simply put, I don't have any confidence -- given the long-term failure to comply with supervised release and the lack of communication and committing --

DEFENDANT ROCKENHAUS:  That's just a liar, you know.

THE COURT:  -- committing good -- additional --committing additional serious violations while on supervised release, why would I have confidence to let this man into the

community so that he could begin to not communicate again? Mr. Lakin -- and so therefore I revoked bond -- on September 5, and -- and Magistrate Judge Altman cancelled her detention hearing at that time given the order.

October 2 Mr. Lakin withdrew. We granted the motion, and we knew we were going to see everybody today, which is October 7th, for a rescheduled -- rescheduled hearing and sentencing.

Mr. Rockenhaus is seated at counsel table, audibly and loudly, loud enough for me to hear him complaining about things. I don't know what he's complaining about. This situation is entirely of his own making. But I was glad to see that the Federal Defender Office appointed Mr. Sanford Plotkin to represent Mr. Lake -- Mr. Rockenhaus in the wake of Mr. Lakin's departure. Mr. Plotkin, of course, is a decorated former Federal Defender who served our court well for many years. And I take it you want an adjournment today. I would be -- in fact, I think I broadcast in my order letting Lakin go that we would not be doing sentencing today because a new lawyer would need some time.

But I'd look to the government first and ask if there's anything that I'm missing about this particular matter that you want to put on the record now.

MS. LAMBERT: Your Honor, I think you've covered all of the -- the history of the violations very well today. Thank

you.

THE COURT: All right. And Mr. Plotkin, I'd be grateful to hear from you.

MR. PLOTKIN: Sure. Thank you.

So, yeah, I was appointed late yesterday and had a chance to meet with Mr. Rockenhaus in the lockup earlier this morning, not hardly as much as I would have liked to given the -- apparently there's no more parking in Downtown Detroit today so it got a little tight.

THE COURT: I noticed that as well. They have a convention or something?

MR. PLOTKIN: Some kind of -- there are people carrying components down sidewalks. It's some kind of convention.

THE COURT: I got stuck in it, plus there's construction. Okay. Understood.

MR. PLOTKIN: So having said that, I -- excuse me, Your Honor -- I spoke to the government, I've spoken to Mr. Rockenhaus. What I would like to do ideally is meet with him at the detention center in the next couple days.

THE COURT: You bet.

MR. PLOTKIN: I understand the Court might have availability next Tuesday to come back to try and resolve this matter once and for all.

THE COURT: Okay.

MR. PLOTKIN:  And that would be agreeable to the defense.

THE COURT:  If it's agreeable to the defense and to the United States, we can see you on the 14th of October at noon and I'd be very happy to adjourn all proceedings until that time.

Ms. Lambert, what do you think about that?

MS. LAMBERT:  The government has no objection to adjourning until October 14th at noon.

THE COURT:  Is that okay?

MR. PLOTKIN:  Thank you.  Yeah.

THE COURT:  Okay.  We'll adjourn until August 14th at noon.  Thank you all very much and we'll be in a short recess pending our next case.

(Court in recess at 11:00 a.m.)

—  —  —

C E R T I F I C A T I O N

I, Linda M. Cavanagh, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code Section 753, do hereby certify that the foregoing pages 1 through 11 comprise a full, true and correct transcript taken in the matter of United States of America vs. Conrad Rockenhaus, Case No. 23-20701, on Tuesday, October 7, 2025.

s/Linda M. Cavanagh
Linda M. Cavanagh, CRR, RMR, RDR, CRC
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date: December 1, 2025
Detroit, Michigan