UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

vs.                             Case No. 23-20701
                            Hon. Stephen J. Murphy, III

CONRAD ROCKENHAUS,

                  Defendant.
_____/

**STATUS CONFERENCE**

BEFORE THE HONORABLE STEPHEN J. MURPHY, III
United States District Chief Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan  48226
Tuesday, October 14, 2025

APPEARANCES:

For the Plaintiff          CORINNE M. LAMBERT
United States of America:  U.S. Attorney's Office
                        211 West Fort Street
                        Suite 2001
                        Detroit, Michigan 48226
                        313-226-9129

For the Defendant        SANFORD PLOTKIN
Conrad Rockenhaus:       Sanford Plotkin, P.C.
                        30445 Northwestern Hwy.
                        Suite 225
                        Farmington Hills, Michigan 48334
                        248-798-5756

To obtain a certified copy of this transcript, contact:
Linda M. Cavanagh, CSR-0131, CRR, RMR, RDR, CRC
Official Court Reporter
(313) 234-2616 • www.transcriptorders.com

<u>TABLE OF CONTENTS</u>

<u>Page</u>

STATUS CONFERENCE                                3

<u>EXHIBITS</u>

<u>Identification</u>                     <u>Offered</u>   <u>Received</u>

NONE

Detroit, Michigan

Tuesday, October 14, 2025

— — —

(Proceedings commenced at 12:05 p.m., all parties present)

THE CLERK: All rise. United States District Court for the Eastern District of Michigan is now in session, the Honorable Chief Judge Stephen J. Murphy, III presiding.

The Court calls criminal matter 23-20701, United States of America versus Conrad Rockenhaus. Date and time is set for sentencing on the supervised release violations.

Counsel, please state your appearances for the record beginning with the government.

MS. LAMBERT: Good afternoon, Your Honor. Corinne Lambert appearing on behalf of the United States.

THE COURT: Welcome.

MR. PLOTKIN: Sanford Plotkin appearing with Conrad Rockenhaus, Your Honor.

THE COURT: Okay. Welcome. Everybody may be seated.

So let me just say a couple of things, mainly for the benefit of Mr. Plotkin, and then I'll get reactions from both lawyers. But I went through the chronology the last time we were here together, which I believe was Thursday, and I won't do that again. That hearing, October 7th, was scheduled for sentencing on supervised release violations that were returned

in roughly April and to which Mr. Rockenhaus pled guilty in May.  As I -- as I also mentioned, during the period of bond awaiting sentencing on those violations, I received a petition from -- from Probation requesting action on supervised release and probation, and that resulted in Mr. Rockenhaus' arrest.

I just want to confirm the understanding of everybody because -- because the petition recited additional actions which could be considered as violations of supervised release.  But my understanding and sense that I wanted to confirm with everybody in the courtroom is that the petition for actions on -- on -- petition for action on conditions of supervised release filed August 20 resulted in arrest, apprehension and detention of Mr. Rockenhaus and has been fully discharged.  We're not going forward on any further or additional supervised release violations, we're just sentencing based on the plea that Mr. Rockenhaus entered in May.  Is that correct, Government?

MS. LAMBERT:  Yes, Your Honor.

THE COURT:  All right.  Correct?

MR. PLOTKIN:  It's certainly correct from where I'm sitting.

THE COURT:  Hey, hey.

MR. PLOTKIN:  Oh, I'm sorry, Your Honor.

THE COURT:  Yeah.

MR. PLOTKIN:  Now, may I have two seconds with the

government, Your Honor?

THE COURT:  Okay.

MR. PLOTKIN:  Thank you.

(Brief pause)

THE COURT:  What's the nature of the delay, Mr. Plotkin?  What are you trying to accomplish here?

MR. PLOTKIN:  Right.  So there are just a couple loose ends, one regarding restitution that I just wanted to confirm with the government before I place anything on the record.

THE COURT:  Well, maybe I should take a break.  Let me let the lawyers -- I -- I -- I thought you had met and -- and --

MR. PLOTKIN:  You know --

THE COURT:  -- and discussed and --

MR. PLOTKIN:  -- I'm prepared to move forward right now.

THE COURT:  We'll take a break and make sure we get everything straightened out and then I'll be back very briefly.

MR. PLOTKIN:  Certainly.

(Court in recess at 12:13 p.m.)

(Proceedings resumed at 12:15 p.m., all parties present)

THE CLERK:  All rise.

THE COURT:  Okay.  We're back in session.  Everybody

may be seated.

All right.  So today we are to go forward on sentencing for Violations 1, 2, 3, 4 and 5, which, as I mentioned last time, do not involve additional criminal activity but deal with things like marijuana usage, restitution, reporting to Probation, new credit charges, and Internet types of -- well, having an -- an Apple iPhone.

Okay.  So I'm just going to relate the facts for the record, and I think this will mainly be Mr. Plotkin's issue, but I don't -- I don't know, maybe the government as well.  So I'm -- as you heard, I'm the chief judge of the district now, and I have a number of administrative duties and a number of things come my way that never came my way previously, and one of the things was a -- a couple of new civil cases which the district executive asked, as she normally does, whether we should poll the district judges to -- to determine whether or not we'd have a bench recusal that would require litigation of the matters in a -- in another district, and those cases or case involved Adrienne Rockenhaus versus the Probation Office and officers in this particular case.

And I don't remember if I was named as a defendant in any of those matters — I may well have been — but I made the determination as chief judge that my colleagues could make up their own minds about whether or not they'd be fair and impartial in cases like that and whether or not it -- it would

be reassigned to judges in other districts, and -- and as far as I know, that -- that matter is under consideration administratively.

And the issue is whether or not a judge in this district could fairly adjudicate a matter against a probation officer on whom he or she relies quite often.  I advised that I would not undertake to hear that case in any circumstances because the -- the matters complained of in that civil litigation address the events of May, June, July, August in this criminal matter, and good judgment, ethics and so on and so forth I think would preclude me from hearing those matters, and whether or not I could be fair or not, it would give a -- a very poor appearance to the public that I'd be, you know, resolving such -- such a case.  That's -- that's pretty evident.  That's number one.

Number two, as a result of my present position, I receive a courtesy copy, completely confidential, of all judicial complaints filed in the district against -- against any judicial officer on our bench, and I look at these, I don't know, once a week maybe.  And so I was quite surprised to -- to see -- not that I would be surprised that -- that a complaint would be filed against me because from time to time all federal judges I think receive complaints, but -- but there was a complaint made against me in the last ten days in Cincinnati with the U.S. Court of Appeals Chief chief judge for my conduct

in this case, and that was made by Adrienne Rockenhaus as well. And I haven't responded to that complaint. I likely won't. We're not -- we're not required to. But there's an active complaint pending against me in Cincinnati filed by the wife of the defendant for the decisions that I've made in this particular case.

Now, what troubles me here personally, I'm not -- people can do whatever they want to do, but -- but ethically I received a packet of letters this morning, and the first letter is from Adrienne Rockenhaus asking for consideration for her husband and her [sic] sentencing, and I don't know about that one. I don't see how I can go forward on this. I mean I -- I -- I had in mind some -- you know, what I always like to do in these supervised release violations is to -- to try to help the individual along if he wants to be helped, but I -- I don't -- I don't see it, Mr. Plotkin, frankly.

MR. PLOTKIN: May I respond?

THE COURT: Of course. That's why I laid all this out.

MR. PLOTKIN: Thank you.

So, yeah, and I was just appointed last week and have done -- spent an inordinate amount of time both reviewing materials that were sent to me by my client's wife. They're numerous, as the Court knows. And I've also spent a lot of time with my client. And I've also spoken to the government

about the situation.  My focus has been on Conrad Rockenhaus.

THE COURT:  Sure.

MR. PLOTKIN:  My meetings have been with him alone and confidential, and he and I, I believe, now have excellent rapport and trust.

From the day that I met Mr. Rockenhaus and Mrs. Rockenhaus and spoke with the government, it -- it seems to me that clearly Mrs. Rockenhaus is -- is upset and is choosing to exercise her rights I suppose to file certain civil matters in response to treatment she finds, whatever, unlawful, offensive and et cetera against her husband.

THE COURT:  Mm-hmm.

MR. PLOTKIN:  Her husband has not filed any of these matters.  Her husband is not aware of certain of these matters.  And her husband really is not focused, frankly, even as of this morning, as of the other day at Milan, he's not focused at all on any of these filings.  He's focused on himself, he's focused on taking responsibility for what he's pled to, and he's focused on being a good man in doing what he needs to do to get home, and to get home sooner than later.

So I know for a fact the government is, quote, not holding any of her filings against Conrad.  I have known this Court for years, decades, and I know the character of this Court, and I'm always comfortable coming in here for that reason.  Mr. -- Mr. Rockenhaus and I spoke about this Court

earlier this morning in the lockup in a very positive, reassuring context.

I know that he is itching to resolve this matter. He's taking responsibility. He wants to move forward. I completely appreciate the dilemma that the Court finds itself in now and it's unfortunate, but he and I -- I just want the Court to know --

THE COURT:  Yeah.

MR. PLOTKIN:  -- that he and I are prepared to go forward today.

THE COURT:  Okay.  Well, as a practical matter, I'm happy to do the same, and I -- I -- I would look at the matter independently, as I always do, of the baggage, if you will. And I greatly appreciate your words about me and reciprocate them entirely because as I said the last time we were here, we -- we've been together over the years many, many, many times and have done a lot of wonderful things together, both as lawyers and when I got on this side of the bench.

But my issue here is that some individual in Ohio or Tennessee or wherever is going to look at a case and a -- and a -- a discovery motion or request, and I'm -- I -- I don't know, our probation officers are going to have to get representation and so on and so forth.  And the chief judge and the judicial council of the Sixth Circuit are going to look at a complaint and they're going to say, "How in the world could

he go ahead and sentence that guy?"  That's my number one thing.  I -- I -- I -- you know, I mean if I did that, I don't think that'd show good judgment.

What -- what do you think, Ms. Lambert?  Can you help me out here at all?

MS. LAMBERT:  Your Honor, I trust in your ability to render a fair judgment in this case.  However, I understand your concerns and I would defer to you.

THE COURT:  Well, I guess -- I guess I -- to both lawyers I'd say I don't -- I don't want make it my concerns or my -- I want to look at it as -- as a -- as a legal issue and, you know, as an ethicist or as a law professor or as a council who handles professional matters, you know, to look at the circumstances and say is that the type of case where a federal sitting judge -- a sitting federal judge should sentence an individual relying on -- and I -- I was -- I found the words of Ms. Rockenhaus compelling, but, you know, how are you balancing -- how's the judge going to balance those considerations with the fact that this person's, you know, quite unhappy with him?  So, you know, if -- if -- if I -- if I give him jail time, that's -- looks like I'm penalizing him for his -- his -- wife's behavior, and if -- if I give him credit for time served and send him home today, it looks like I'm intimidated by the filings.  So I don't -- I don't -- I'm just in a way kind of thinking this through out loud.

First of all, I'd also like to say I was out of town Friday, Monday was a federal holiday, and this all came to my attention.  I haven't even had a chance -- I would call the Administrative Office and ask for an ethics opinion on this.  I haven't even had the chance to do that.

So I -- I think at the minimum, I'd like to adjourn this and try to figure out what's going on.  I hope you understand, Mr. Plotkin.

MR. PLOTKIN:  Oh, I do.

THE COURT:  Okay.  Ms. -- Ms. Lambert?

MS. LAMBERT:  Yes, Your Honor, I do understand.

THE COURT:  Okay.  All right.  I think I've tried to frame it as fairly and as objectively as possible.  You know, I -- I -- I'm a big believer in getting things resolved for the -- for -- for the benefit of the parties and certainty as quickly as possible, but I -- I -- I -- I don't feel real good right now.  I just need to look into this a little bit, okay?

MR. PLOTKIN:  May I ask Mrs. Rockenhaus a very quick question before we break for the day?

THE COURT:  Of course.

MR. PLOTKIN:  Thank you.

THE COURT:  But don't ask her if she's willing to withdraw all this stuff because that would look like coercion and I...

MR. PLOTKIN:  I understand.

THE COURT:  All right.  Okay.

(Brief pause)

MR. PLOTKIN:  Okay.  Thank you, Your Honor.

THE COURT:  All right.  All right.  I'm going to take a break, and I appreciate it, and thank you for letting me blather on today.  We'll be in a short recess.

THE CLERK:  All rise.  Court is in recess

(Proceedings concluded at 12:29 p.m.)

–  –  –

C E R T I F I C A T I O N

I, Linda M. Cavanagh, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code Section 753, do hereby certify that the foregoing pages 1 through 13 comprise a full, true and correct transcript taken in the matter of United States of America vs. Conrad Rockenhaus, Case No. 23-20701, on Tuesday, October 14, 2025.


s/Linda M. Cavanagh
Linda M. Cavanagh, CRR, RMR, RDR, CRC
Federal Official Court Reporter
United States District Court
Eastern District of Michigan


Date: November 7, 2025
Detroit, Michigan